IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

COREY DESHON BLOCKER )
)
vs. ) No. 3:10-0480
) Judge Trauger/Bryant
ELIZABETH KELLEY, et al. )

To: The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

**I.**

By order entered May 24, 2010, this matter was referred to the undersigned for a frivolity review and further pre-trial proceedings. (Docket Entry No. 3.) Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In making the frivolity determination, pro se complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *White v. White*, 886 F.2d 721, 722-23 (4th Cir.1989); *see also Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006).

**II.**

Although Plaintiff's allegations are rambling and his legal theories a bit difficult to make

1

out, he essentially alleges that the Tennessee state courts wrongly adjudicated his claim arising out of an automobile accident. The state courts apparently ruled adversely to Plaintiff, and the United States Supreme Court denied Plaintiff's petition for certiorari. Plaintiff has twice filed similar complaints in this Court that have been dismissed for lack of subject matter jurisdiction. In his third try, Plaintiff asserts that this Court has jurisdiction to hear this case because "the case is worth more than $75,000" and "the State of Tennessee is involve [sic]." (Docket Entry No. 1 at 9.)

### III.

In conducting this initial frivolity review, jurisdiction must first be examined. The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision. *Johnson v. De Grandy*, 512 U.S. 997,1005-06 (1994); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (recognizing that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

After careful review of Plaintiff's filings, the undersigned finds that the *Rooker-Feldman* doctrine does apply as a jurisdictional bar. Upset with the disposition of his claim in state court, Plaintiff seeks to have this court revisit the state court rulings by naming the state as a defendant in a federal action. To the extent that success on his federal claims would depend upon a determination that the state courts wrongly decided his case, Plaintiff's action must be dismissed because the Court is without subject matter jurisdiction over the controversy.

Furthermore, Plaintiff has not otherwise properly invoked this Court's subject matter

2

jurisdiction, inasmuch as he has not adequately plead the existence of any federal question under 28 U.S.C. § 1331, nor any controversy between citizens of different states involving a sum in excess of $75,000.00, under 28 U.S.C. § 1332. Plaintiff variously alleges, *inter alia*, that fraud upon this Court has been committed; that unnamed defendants' decisions to lie cost Plaintiff's son, grandmother, and aunt their lives; that his phone was tapped, his car destroyed, and his residence broken into; that a traffic crash report was deleted; that he was harassed by Vanderbilt University and had to quit his job; that he was kept from getting a job he wanted; and that the Sumner County Chancery Court falsified a divorce decree for the Kelleys. (Docket Entry No. 1, and attachments.)

To the extent that Plaintiff's complaint could be read to properly invoke this Court's jurisdiction and avoid the bar of the *Rooker-Feldman* doctrine, the undersigned does not view the complaint's allegations as having an arguable basis in law or fact. Accordingly, even if this Court had jurisdiction in this matter, the undersigned would still recommend that the complaint be dismissed as frivolous.

## IV. Recommendation

In sum, the undersigned finds that this Court lacks subject matter jurisdiction over Plaintiff's complaint. Accordingly, it is recommended that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The undersigned would decline to certify any appeal from the district court's order adopting this recommendation as being in good faith under 28 U.S.C. § 1915(a)(3).

Plaintiff has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Fed. R. Civ. P. 72(b)(2). Failure

to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

      **ENTERED** this 30th day of July 2010.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE
